UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL BARNHART,

              Plaintiff,                               Hon. Janet T. Neff

v.                                             Case No. 1:15-CV-627

NATIONSTAR MORTGAGE LLC, et al.,

              Defendants.

_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Defendant Nationstar Mortgage LLC's Motion to
Dismiss, (Dkt. #12), and Plaintiff's Motion for Injunctive Relief, (Dkt. #1). In accordance with 28
U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and
recommendations for resolution of dispositive motions, the undersigned recommends that Defendants'
motion to dismiss be **granted**.


## BACKGROUND

        Plaintiff initiated the present action on June 12, 2015, against Nationstar Mortgage, LLC
and 10 unidentified John Does, none of whom have been identified or served. (Dkt. #1). This action
concerns real property located at 424 East Main Street, Potterville, Michigan. (Dkt. #1 at ¶ 2). On or
about March 17, 2006, Plaintiff obtained a loan from Bank of America in the amount of one hundred
thirty-four thousand, four hundred dollars ($134,400.00). (Dkt. #12, Exhibit A). As security for this
loan, Plaintiff executed a mortgage on the property in question. (Dkt. #12, Exhibit B). On July 24,

2009, Plaintiff and Bank of America executed a loan modification agreement which extended the maturity date for the loan by an additional ten years. (Dkt. #12, Exhibit C). This loan modification was secured by a mortgage on the aforementioned property. (Dkt. #12, Exhibit C). On August 9, 2012, Bank of America assigned the mortgage on Plaintiff's property to Nationstar Mortgage, LLC. (Dkt. #12, Exhibits D-E). Plaintiff asserts that Nationstar is "illegally attempting to foreclose on Plaintiff's real property through use of non-judicial foreclosure." (Dkt. #1 at ¶ 20). Plaintiff alleges that Defendant Nationstar's conduct violates the Fair Debt Collection Practices Act (FDCPA) and also constitutes Intentional Infliction of Emotional Distress under Michigan law. Plaintiff seeks to quiet title to the property in question and, moreover, seeks various injunctive relief. Defendant Nationstar now moves to dismiss Plaintiff's allegations for failure to state a claim on which relief may be granted.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court subsequently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion");

*Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

I.          **Fair Debt Collection Practices Act (FDCPA)** - Counts I and II

Plaintiff alleges that Defendant Nationstar "has violated the FDCPA in connection with its attempts to collect an account against Plaintiff." (Dkt. 1 at ¶42). Plaintiff further alleges that because Nationstar is properly characterized as a "debt collector" under the FDCPA, he is entitled to an "accounting."

The FDCPA, however, only applies to "debt collectors," the definition of which "does not include the consumer's creditors." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). Accordingly, "[a] bank that is a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts." *Id.* at 699. While Plaintiff repeatedly asserts the conclusion that Nationstar was acting as a "debt collector" in this matter, he fails to allege facts supporting that conclusion. To the contrary, Plaintiff concedes in his complaint that Nationstar merely acted to recover on its own account. (Dkt. #1 at ¶ 19).[1] Because Nationstar is accurately characterized as a creditor of Plaintiff, the undersigned recommends that Nationstar is entitled to dismissal of these particular claims.

---

[1] The Court is unpersuaded by Plaintiff's argument that Nationstar is properly characterized as a "debt collector," as opposed to a creditor, because the loan in question was already in default when it was assigned to Nationstar. (Dkt. #1 at ¶ 19). In support if this assertion, Plaintiff cites to a portion of the FDCPA. The provision cited, 15 U.S.C. § 1692a(6), does not support Plaintiff's position.

**II.**  **State Law Claims** - Counts III and V

Plaintiff asserts in this action two state law claims: (1) Nationstar's violations of the FDCPA caused him to experience extreme emotional distress and (2) Plaintiff is entitled to quiet title to the property in question.  (Dkt. #1 at ¶¶ 73-75, 81-89).  Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction."  Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well."  *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same).  Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's state law claims and instead dismiss such without prejudice so that Plaintiff may pursue such in the appropriate state forum.


**III.**  **Injunctive Relief** - Count IV

Plaintiff requests that the Court enter an Order "enjoining Defendant from transferring the Subject Property of or from taking any action to evict Plaintiff from his home during the pendency of this action."  (Dkt. #1 at PageID.18).

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it."  *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy."  *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001).  If such is the case, the court must then examine several

factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

An examination of these various factors results in a conclusion that injunctive relief is not appropriate. Plaintiff has failed to demonstrate that he is likely to experience irreparable harm in the absence of injunctive relief. To the extent that Plaintiff seeks to prevent Defendant Nationstar from lawfully enforcing its rights regarding the aforementioned loan and mortgage, such would cause substantial harm to Defendant Nationstar and, likewise, be contrary to public interest. Accordingly, the undersigned recommends that Plaintiff's request for injunctive relief be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that on <u>Defendant Nationstar Mortgage LLC's Motion to Dismiss</u>, (Dkt. #12), be **granted** and <u>Plaintiff's Motion for Injunctive Relief</u>, (Dkt. #1), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 22, 2015

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge