UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL BARNHART,

     Plaintiff,

                                                Case No. 1:15-cv-627

v

                                                HON. JANET T. NEFF

NATIONSTAR MORTGAGE, LLC,
*et al.*,

     Defendants.

_____/


**OPINION AND ORDER**

     Now pending before the Court are the parties' objections (Dkts 17 & 18) to the Magistrate Judge's December 22, 2015 Report and Recommendation (Dkt 16).   In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portion of the Report and Recommendation to which objections have been made.  For the following reasons, the Court denies Plaintiff's objections, grants Defendant's objections, and therefore approves in part and rejects in part the Report and Recommendation.

**I**

     Plaintiff, proceeding pro se, initiated this civil action in June 2015, invoking this Court's federal-question jurisdiction (Dkt 1, Compl. ¶ 7).  Plaintiff alleged five claims against Defendant Nationstar Mortgage, LLC[1] arising from the foreclosure of his real property, as follows:

---

[1]Plaintiff also named unknown "Does 1–10," who were not subsequently identified or served.

I.      Violation of Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*
II.     Accounting
III.    Intentional Infliction of Emotional Distress
IV.     Injunctive Relief
V.      Quiet Title

The matter was referred to the Magistrate Judge for handling of all matters under 28 U.S.C. § 636(a) and § 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b)(1)(B).

Defendant subsequently filed a Motion to Dismiss (Dkt 12), requesting that the Court dispose of all claims with prejudice (*id.* at 10).  Plaintiff filed a response in opposition to the motion (Dkt 13), and Defendant filed a reply (Dkt 15), reiterating its request that Plaintiff's action be dismissed with prejudice (*id.* at 3).  On December 22, 2015, the Magistrate Judge issued a Report and Recommendation (R&R), recommending dismissal of Plaintiff's FDCPA claims in Counts I and II for the reason that Defendant is a creditor of Plaintiff, not a debt collector (Dkt 16 at 4).  The Magistrate Judge also recommended that this Court dismiss Plaintiff's request for injunctive relief in Count IV, determining that the circumstances in the case were not appropriate for granting the extraordinary remedy (*id.* at 5-6).  However, the Magistrate Judge recommended that this Court dismiss Plaintiff's state-law claims in Counts III and V without prejudice to Plaintiff re-filing them in state court (*id.* at 5).  The Magistrate Judge pointed out that a district court may decline to exercise supplemental jurisdiction over a state-law claim if it "has dismissed all claims over which it has original jurisdiction" (*id.*).

Defendant timely filed objections to the Report and Recommendation (Dkt 17), to which Plaintiff did not file a response.  Plaintiff also timely filed objections to the Report and Recommendation (Dkt 18), to which Defendant filed a response (Dkt 19).

2

## II

### A.    Plaintiff's Objections

Plaintiff delineates the following reasons for objecting to the Magistrate Judge's Report and

Recommendation:

1.    Defendant has made numerous attempts to collect money from Plaintiff calling Plaintiff a defaulting debtor.

2.    Plaintiff sent Defendants a letter of validation concerning the debt. All of which defendant has ignored.

3.    Defendant is attempting to claim an interest in the subject property that would allow them to perform a non-judicial foreclosure. Should this court accept the theory of the Defendant then the court should also recognize that Defendant has committed unjust enrichment and possible fraud.

4.    The chronology of the acquisition of the debt by Defendant places the debt acquired by Defendant after the subject property was in default. Any entity that acquired a debt while in default, is considered a debt collector (FDCPA 15 USC 1692a(6)).

5.    Plaintiff has fallen victim to acts perpetrated by Defendant, including the illegally attempting to foreclose on Plaintiff's real property through us[e] of non-judicial foreclosure.

(Dkt 18 at 1-2).  The remainder of Plaintiff's "objections" is a nearly verbatim copy of his response

to Defendant's motion to dismiss (Dkt 13).

As Defendant points out (Dkt 19 at 1), Plaintiff's objections do not raise any new issues or

arguments that were not already fully briefed by the parties and carefully considered by the

Magistrate Judge.  Plaintiff's objections merely reiterate the positions he adopted in his motion

papers, without demonstrating any factual or legal error in the Magistrate Judge's analysis.  *See* W.D.

Mich. LCivR 72.3(b) (instructing that objections "shall specifically identify the portions of the

proposed findings, recommendations or report to which objections are made and the basis for such

objections"). Plaintiff proffers no argument that would warrant rejecting the Magistrate Judge's recommendations to dismiss Counts I, II and IV with prejudice. Accordingly, Plaintiff's objections are denied.

## B.     Defendant's Objections

Defendant objects to the Report and Recommendation only insofar as the Magistrate Judge recommended that this Court decline to exercise jurisdiction over Plaintiff's state-law claims in Counts III and V (Dkt 17 at 1). Defendant asserts that although Plaintiff did not plead it in his Complaint, this Court has original diversity jurisdiction over all claims, including Counts III and V, because this action is between citizens of different states—Michigan and Delaware/Texas—and the amount in controversy requirement is satisfied where Plaintiff seeks, in pertinent part, equitable relief in the form of rescinding a mortgage that exceeds $75,000.00 (*id.* at 2-4). Defendant opines that this Court should therefore resolve the merits of Plaintiff's claims in Counts III and V and dismiss them with prejudice, too (*id.*). Alternatively, Defendant requests that this Court exercise its discretion to assume supplemental jurisdiction over the state-law claims because they are so related to the federal claims (*id.* at 4).

Defendant's objections have merit.

No action of a party confers subject-matter jurisdiction upon a federal court; rather, the court determines whether jurisdiction affirmatively appears in the record. *See Insurance Corp. of Ireland v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982). Indeed, subject-matter delineations must be policed by the courts on their own initiative. *Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404, 406 (6th Cir. 2007) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574,

583, 119 (1999)).  *See, e.g., City of Detroit Pension Fund v. Prudential Sec. Inc.*, 91 F.3d 26, 29 (6th

Cir. 1996) (determining that "this court may take notice of other bases for jurisdiction").

Here, the Court agrees with Defendant that although the Complaint's jurisdictional

allegations are incomplete, diversity-jurisdiction affirmatively appears in the record, to wit: the

parties are of diverse citizenship, and the requisite minimum amount is in controversy.  Accordingly,

the Court concludes that it may properly exercise federal subject matter jurisdiction over all claims

in this case pursuant to 28 U.S.C. § 1332(a)(1).

Turning then to Plaintiff's allegations in Count III, the Court determines that Plaintiff has

failed to state a plausible claim against Defendant for intentional infliction of emotional distress.

Even assuming the truth of Plaintiff's allegations that Defendants were "attempting to take Plaintiff's

property through foreclosure when they have no legal right to do so" (Dkt 1, Compl. ¶¶ 73-75), the

allegations do not demonstrate "extreme and outrageous conduct."   In Michigan, this standard is not

satisfied when the plaintiff essentially claims that the defendant "breached contracts with him in

various ways and foreclosed on his property."  *Ursery v. Option One Mortgage Corp.*, No. 271560,

2007 WL 2192657, at *16 (Mich. Ct. App. July 31, 2007).  *See Robbins v. Mortgage Elec.

Registration Sys., Inc.*, No. 1:09-cv-295, 2009 WL 3757443, at *8 (W.D. Mich. Nov. 9, 2009) (citing

*Ursery* for the proposition that "actions taken to foreclose on a mortgage generally do not rise to the

level of extreme and outrageous conduct").  *See, e.g., Chungag v. Wells Fargo Bank, N.A.*, 489 F.

App'x 820, 825 (6th Cir. 2012); *Farah v. Bank of Am., N.A.*, No. 297261, 2011 WL 2507881, at *4

(Mich. Ct. App. June 23, 2011).  The Court will therefore dismiss Count III pursuant to FED. R. CIV.

P. 12(b)(6) for failure to state a claim.

5

The Court determines that Plaintiff has also failed to state a plausible quiet title claim against Defendant in Count V.  Plaintiff alleges that Defendant has no "legal or equitable right, claim or interest" in the property where the assignment of the Mortgage to Defendant was "forged" (Dkt 1, Compl. ¶¶ 86-87).  Plaintiff's quiet title claim fails as a matter of law.  "[T]here is ample authority to support the proposition that 'a litigant who is not a party to an assignment lacks standing to challenge that assignment.'"  *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010) (citation omitted).  Hence, even assuming the truth of Plaintiff's allegations about a flaw in the assignment to Defendant, Plaintiff does not have standing to raise that flaw to challenge Defendant's chain of title.  *See, e.g., Williams v. U.S. Bank N.A.*, No. 10-14967, 2011 WL 2293260, at * 1 (E.D. Mich. June 9, 2011) ("To the extent Plaintiffs challenge any assignment from MERS to U.S. Bank, Plaintiffs lack standing to do so because they were not a party to those assignments."); *Bowles v. Oakman*, 225 N.W. 613, 614 (Mich. 1929) (holding that promissor could not challenge obligations under a note by asserting that an invalid assignment had occurred).  *See also DAGS II, LLC v. Huntington Nat. Bank*, 616 F. App'x 830, 836 (6th Cir. 2015) (describing the bounds of the rule from *Livonia* in a series of cases applying Michigan law).  The Court will therefore dismiss Count V pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim.

Although Plaintiff did not file a response to Defendant's Objections, in his response to Defendant's motion to dismiss (Dkt 13 at 5, 7) and again in his Objections to the Report and Recommendation (Dkt 18 at 8), Plaintiff requested an opportunity to amend his Complaint, albeit without identifying, describing or attaching a proposed amendment.  Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading should be "freely given when justice so

requires," but the rule does not require amendment in the face of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Raiser v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, 494 F. App'x 506, 508 (6th Cir. 2012) (affirming the district court's decision to deny the pro se plaintiff leave to amend his complaint because "[a]ny amendment to the complaint would have been dilatory and caused undue prejudice to the defendants") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Given the deficiencies of Plaintiff's current claims and the amorphous nature of his request to file an amended complaint, the Court determines that granting leave to amend would be futile and cause undue prejudice to Defendant and therefore is not a course in the interests of justice.

## III

For the foregoing reasons, the Court denies Plaintiff's objections, grants Defendant's objections, and adopts in part and rejects in part the Magistrate Judge's Report and Recommendation as the Opinion of this Court, as noted herein.

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt 18) are DENIED, Defendant's Objections (Dkt 17) are GRANTED, and the Report and Recommendation (Dkt 16) is ADOPTED IN PART and REJECTED IN PART as the Opinion of the Court, as noted herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Dkt 12) is GRANTED, and Plaintiff's Complaint is DISMISSED with prejudice.

Because this Opinion and Order resolves the last pending claim in this case, the Court will also enter a Judgment. *See* FED. R. CIV. P. 58.


Date:  February  4  , 2016                          /s/ Janet T. Neff
                                                   JANET T. NEFF
                                                   United States District Judge

8