**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 16-1244

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 28, 2016
DEBORAH S. HUNT, Clerk

MICHAEL BARNHART,  )
    )
    Plaintiff-Appellant,  )
    )
v.  ) ON APPEAL FROM THE UNITED
  ) STATES DISTRICT COURT FOR
NATIONSTAR MORTGAGE LLC; UNKNOWN ) THE WESTERN DISTRICT OF
PARTIES, named as Does 1-10, inclusive, ) MICHIGAN
    )
    Defendants-Appellees.  )
    )

O R D E R

Before: SUHRHEINRICH, SILER, and COOK, Circuit Judges.

Michael Barnhart, a pro se Michigan litigant, appeals a district court judgment dismissing his civil action. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Barnhart borrowed $134,400 from Bank of America and secured the debt with a mortgage on real property. Bank of America assigned the mortgage to Nationstar Mortgage, LLC ("Nationstar"). Barnhart admittedly defaulted on his mortgage loan, and in an apparent effort to preempt foreclosure, he brought this action against Nationstar and ten unidentified—and unserved—"John Doe" defendants.

Seeking to quiet title to the subject real property and injunctive relief, Barnhart claimed that: (1) Nationstar violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), in connection with its attempts to collect the debt; (2) because Nationstar is properly characterized as a "debt collector" under the FDCPA, Barnhart is entitled to an

"accounting"; (3) Nationstar's violations of the FDCPA caused him extreme emotional distress; (4) he is entitled to quiet title; and (5) Nationstar should be enjoined from transferring the property or taking any action to evict him during the pendency of this action.

A magistrate judge recommended granting Nationstar's motion to dismiss the FDCPA and accounting claims with prejudice, denying the request for injunctive relief, and dismissing without prejudice the remaining state law claims so that Barnhart could pursue them in state court. Upon considering the parties' objections to the magistrate judge's report and recommendation, the district court dismissed the entire complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and denied Barnhart's request to amend his complaint. That request to amend was made in Barnhart's response to Nationstar's motion to dismiss and in his objections to the magistrate judge's report.

Barnhart appeals, reasserting the claims against Nationstar that he set forth in the district court. He also contends that the district court erred by not allowing him to amend his complaint. He does not reassert, and therefore abandons, claims against the unidentified "John Doe" defendants. *See Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998).

Whether the district court properly dismissed a suit pursuant to Federal Rule of Civil Procedure 12(b)(6) is a question of law subject to de novo review. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003). A civil complaint survives a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As discussed below, Barnhart's complaint contains insufficient factual matter, even if accepted as true, to state a claim to relief that is plausible on its face. And while Barnhart's complaint is entitled to a liberal reading, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), this court still requires more than "bare assertions of legal conclusions." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

The magistrate recommended that Barnhart's FDCPA claim be dismissed because Nationstar is not a "debt-collector" to which the FDCPA applies. As the magistrate explained, the FDCPA distinguishes between creditors and debtor-collectors, and "creditors are not subject to the FDCPA when collecting their accounts." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). Barnhart objected to this conclusion, arguing that "[a]ny entity that acquired a debt while in default . . . is considered a debt collector." (R. 18, PID 180.) Although the district court did not address Barnhart's argument, it adopted the magistrate's FDCPA recommendation without change.

The magistrate's classification of Nationstar as a creditor ignores that "the definition of debt collector . . . includes any non-originating debt holder that . . . acquired a debt in default." *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 362 (6th Cir. 2012); *see also Evankavitch v. Green Tree Servicing, LLC*, 793 F.3d 355, 358 n.2 (3d Cir. 2015) (holding that assignee of mortgage loan was a "debt collector" under the FDCPA because the loan was in default at the time of assignment). Accordingly, Nationstar's status turns on whether it acquired the mortgage while Barnhart was in default. Barnhart's complaint alleges that Nationstar acquired the mortgage while he was in default, an allegation that Nationstar does not dispute and that we must take as true. (Compl. ¶ 19.) The district court therefore erred in dismissing Barnhart's complaint on the basis of Nationstar's supposed status as a creditor.

Nonetheless, we are "free to affirm the judgment on any basis supported by the record." *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002). Here, Barnhart's complaint lacks sufficient factual allegations to support his asserted FDCPA violations. The complaint does refer obliquely to purported "misrepresentations," but does not point to any specific statement or explain how it was false or misleading. Instead, the complaint simply recites conclusory allegations and refers to various portions of the FDCPA. Accordingly, Barnhart's complaint fails to state a claim under the FDCPA. *See Grinter*, 532 F.3d at 577.

The district court properly dismissed Barnhart's state-law claim for intentional infliction of emotional distress. His claim is premised on actions taken in a potential foreclosure, which generally fall short of the "extreme and outrageous conduct" necessary to sustain a claim for

intentional infliction of emotional distress. *See Robbins v. Mortg. Elec. Registration Sys., Inc.*, No. 1:09-CV-295, 2009 WL 3757443 at *8 (W.D. Mich. Nov. 9, 2009); *Ursery v. Option One Mortg. Corp.*, No. 271560, 2007 WL 2192657, at *16 (Mich. Ct. App. July 31, 2007) (per curiam). Further, Barnhart did not identify any evidence of the nature of the distress he allegedly suffered. Thus, the district court did not err in dismissing Barnhart's third claim.

The district court properly dismissed Barnhart's state-law claim for quiet title. Barnhart tried to challenge the assignment of the mortgage to Nationstar, but he lacks standing to do so because he is not a party to the assignment. *See Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010).

The district court properly denied Barnhart injunctive relief. Such relief is only available in extraordinary circumstances. *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Barnhart bears the burden of showing a strong likelihood of success on the merits, irreparable harm if the injunction is not issued, the lack of substantial harm to others if the injunction issues, and whether the public interest would be served by issuing the injunction. *See id*.

Barnhart is not likely to succeed on the merits, and he cannot demonstrate irreparable harm in the absence of injunctive relief. *See Livonia Props. Holdings*, 399 F. App'x at 104 (noting that plaintiff facing foreclosure sale did not face threat of "irreparable harm" because plaintiff still held right to redeem under Michigan law). Nationstar, on the other hand, would obviously suffer substantial harm if it was prevented from exercising its rights regarding the loan, mortgage, and foreclosure.

Finally, the district court did not err in denying Barnhart leave to amend his complaint. The court reviews a district court's denial of leave to amend for abuse of discretion. *Johnson v. City of Memphis*, 617 F.3d 864, 871 (6th Cir. 2010). Here, Barnhart never formally moved to amend his complaint. His request to amend consisted of single sentences in his response to Nationstar's motion to dismiss and his objections to the magistrate's recommendation. At no point did he submit a proposed amended complaint or allege new facts that might have provided

the district court a reason for allowing an amended complaint. The district court did not abuse its discretion in denying the motion.

Accordingly, the district court's judgment is **AFFIRMED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: October 28, 2016

Mr. Michael Barnhart
424 E. Main Street
Potterville, MI 48876

Mr. Mark E. Plaza
Maddin, Hauser, Wartell, Roth & Heller
28400 Northwestern Highway
Third Floor
Southfield, MI 48034

Re: Case No. 16-1244, *Michael Barnhart v. Nationstar Mortgage, LLC, et al*
Originating Case No. : 1:15-cv-00627

Dear Sir or Madam,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Jill Colyer on behalf of Leon T. Korotko
Case Manager
Direct Dial No. 513-564-7014

cc: Mr. Thomas Dorwin
    Mr. Martin S. Frenkel

Enclosure

Mandate to issue